UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHON OLIVE-GOFFNER,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>Respondent. | Case No. 19-cv-01222-HSG<br><br>**ORDER REQUIRING RESPONSE FROM PETITIONER** |

Petitioner, an inmate at Centinela State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 30, 2019, the Court screened the habeas petition and ordered Respondent to show cause why Petitioner was not entitled to federal habeas relief based on the following claims: (1) the trial court erred in admitting evidence of Petitioner's interactions with a roommate to show intent and motive; (2) the trial court erred in permitting Petitioner's former girlfriend to testify under section 1109 of the California Evidence Code; (3) the Court erred in refusing to permit Petitioner to present evidence of his restraining order against his former girlfriend to impeach her; and (4) cumulative error. Dkt. No. 11 at 2. On May 20, 2019, Petitioner filed a second habeas petition which raises different claims for federal habeas relief. Dkt. No. 14. Petitioner also filed a motion to stay and abey this action, or to dismiss his unexhausted claims. Dkt. No. 15. Before the Court screens the second habeas petition or rules on the motion to stay, the Court must first determine whether the second habeas petition is an amended petition or was mistakenly intended to supplement the original petition. An amended petition supersedes any earlier filed petition, and once an amended petition is filed, all the claims alleged in the original petitions are deemed waived unless re-alleged in the amended petition. *See Daniels v. Felker*, C No. 1:08-CV-01590 AWI MJS HC, 2010 WL 2867369, at *3 (E.D. Cal. Jul.

21, 2010) (citing *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997), *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Petitioner may not supplement his original petition (Dkt. No. 1) by filing a second or supplemental petition (Dkt. No. 14). If Petitioner wishes to raise additional claims beyond the claims already found cognizable, he must file an amended petition listing **all** the claims that he wishes to bring, including claims already found cognizable. If Petitioner intends for the second petition (Dkt. No. 14) to serve as an amended petition and be the operative petition, the cognizable claims in the original petition (Dkt. No. 1) will be deemed waived, and the Court will screen the amended petition.

For the foregoing reasons, the Court orders as follows. Within **twenty-eight (28) days** of the date of this order, Petitioner is directed to inform the Court whether the habeas petition filed on May 20, 2019 (Dkt. No. 14) is intended to be an amended petition. If the second petition is intended to be an amended petition, Petitioner will be waiving the claims raised in the original petition (Dkt. No. 1). If the second petition was intended to supplement the original petition, Petitioner shall inform the Court of this intention, and simultaneously file an amended petition that lists all the claims that he wishes to bring. **Failure to respond in accordance with this order by the time provided will result in the second petition becoming the operative petition without further notice to Petitioner.**

**IT IS SO ORDERED.**

Dated: 6/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge