UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHON OLIVE-GOFFNER,<br><br>    Petitioner,<br><br>    v.<br><br>RALPH DIAZ,<br><br>    Respondent. | Case No. 19-cv-01222-HSG<br><br>**ORDER DISMISSING AS MOOT MOTION TO STAY AND ABEY; GRANTING REQUEST TO SET BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 15, 19 |

Petitioner, an inmate at Centinela State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 20, 2019, Petitioner filed a second habeas petition in the record and a motion to stay or hold the petition in abeyance. Dkt. Nos. 14, 15. Because the initial petition docketed at Dkt. No. 1 and the petition docketed at Dkt. No. 14 asserted different claims, on June 28, 2019, the Court issued an order requiring Petitioner to inform the Court whether the petition filed at Dkt. No. 14 was intended to be an amended petition or was an attempt to supplement the initial petition. Dkt. No. 16. On July 29, 2019, Petitioner informed the Court that the initial petition should remain the operative complaint:

> I filed a stay and abey to hold my first habeas while pending in state. I thought however the state answered so I was ready to proceed in both, but since I can't use both of those I will stay with my original petition Docket #1.

Dkt. No. 18 at 1. However, petitioner also states in this response, " . . . since I want [to] be able to also use my second habeas I've enclosed and highlighted a few simple points" and sets forth the following arguments: the judge and jury were biased; the judge lied about the jury questionnaire; no Black jurors were picked; petitioner was never allowed to speak; counsel refused to carry out petitioner's requests; the police report incorrectly listed his ex-girlfriend's place of employment as Kenton's; and the original statement never mentioned rape. Dkt. No. 18 at 1-2. On August 9,

2019, the Court docketed another letter from petitioner wherein he reiterated that he wished for the initial petition to be the operative petition.

Accordingly, the Court orders as follows. Per petitioner's letters to the Court, the original petition (Dkt. No. 1) remains the operative petition.[1] Petitioner's request to stay and abey the petition pending exhaustion of state remedies is therefore DENIED as moot. Dkt. No. 15. Respondent's request to set a briefing schedule with respect to the motion to stay and abey is also DENIED as moot. Dkt. No. 19.

**CONCLUSION**

1. The original petition, Dkt. No. 1, remains the operative petition.

2. Petitioner's request to stay and abey the petition pending exhaustion of state remedies is DENIED as moot. Dkt. No. 15. Respondent's request to set a briefing schedule with respect to the motion to stay and abey is also DENIED as moot. Dkt. No. 19.

3. The Court sets the following briefing schedule. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable in the Court's April 30, 2019 Order to Show Cause (Dkt. No. 11). Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed

---

[1] Because petitioner is proceeding on the initial petition (Dkt. No. 1), the **only** claims that the Court may consider are the cognizable claims set forth in the initial petition: (1) the trial court erred in admitting evidence of Petitioner's interactions with a roommate to show intent and motive; (2) the trial court erred in permitting Petitioner's former girlfriend to testify under section 1109 of the California Evidence Code; (3) the Court erred in refusing to permit Petitioner to present evidence of his restraining order against his former girlfriend to impeach her; and (4) cumulative error. Dkt. No. 1; Dkt. No. 11 at 2. The Court may not consider any claims raised in subsequent pleadings, including the habeas petition docketed at Dkt. No. 14 or the letter from petitioner responding to the Court's June 28, 2019 order to show cause, Dkt. No. 18. In other words, by proceeding solely on the initial petition, the Court may not consider petitioner's arguments regarding the jury questionnaire, the lack of Black jurors, or the effectiveness of trial counsel.

If petitioner wishes for the Court to consider these claims, he must file an amended petition which sets forth both the cognizable claims set forth in the initial petition **and** any new claims that he wishes to raise, such as the claims set forth in the petition docketed at Dkt. No. 14 or in the letter responding to the order to show cause. If the amended petition contains any claims that have not been exhausted in the state courts, petitioner may request that the Court stay and abey this petition pending exhaustion of state court remedies.

2

previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

This order terminates Dkt. Nos. 15 and 19.

**IT IS SO ORDERED.**

Dated: 8/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge