UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHON OLIVE-GOFFNER,

Petitioner,

v.

RALPH DIAZ,

Respondent.

Case No. 19-cv-01222-HSG

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Re: Dkt. No. 23

Petitioner, an inmate at Centinela State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a letter requesting appointment of counsel to assist him with his "ongoing claims" and "new claims." Dkt. No. 23. Petitioner expressed concern that the Court had found his new claims to be "moot," arguing that his new claims are valid and that if he had counsel, he could better present these claims. *Id.*

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Section 3006A(a)(2)(B) of the United States Code, title 18, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in

which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The record before the Court does not indicate that justice requires the appointment of counsel. The instant habeas petition does not fall within the exceptions set forth above. Also, the habeas petition has clearly presented petitioner's claims for federal habeas relief and incorporates his state habeas petition, which was prepared by counsel. *See generally* ECF No. 1 ("Pet."). Finally, the Court has not yet addressed any of petitioner's claims on the merits, and has not found any claims to be moot. Rather, the Court is unable to consider claims outside of the operative petition.[1]

Petitioner's request for appointment of counsel is therefore DENIED. *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion where pleadings illustrate that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions); *Bashor*, 730 F.2d at 1234 (although petitioner was over 60 years of age and had no background in law, he thoroughly presented issues in petition and accompanying memorandum).

**IT IS SO ORDERED.**

Dated: 9/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] As explained in the Court's orders dated June 28, 2019 and August 27, 2019, if petitioner wishes the Court to consider claims **in addition** to those raised in the initial petition, he must file an amended petition which sets forth **both** the cognizable claims set forth in the initial petition **and** any new claims that he wishes to raise. Dkt. No. 16, Dkt. No. 21.

2